UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA EDDINGTON, DBA EDDINGTON LINK, LLC, | |
| Plaintiff, | |
| -against- | 23-CV-1682 (LTS) |
| GOLDEN BRIDGE, LLC; GOLDEN BRIDGE FUNDING; STEPHAN FELDER, ESQ.; GREEN MOUNTAINS HOLDING, | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action, invoking the court's federal question jurisdiction. Named as Defendants are Golden Bridge, LLC; Golden Bridge Funding; Stephan Felder, Esq.; Green Mountain Holdings; Maurice Dicks, who appears to be an employee of one of the Golden Bridge entities; and Danielle P. Light, who appears to work for Hasbani & Light, PC.[1] For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

Plaintiff brings her claims using this court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Home improvement res[c]ue scam[,] financial hardship (after clearing debts regarding property)[,] personal injury[,] intellectual property (publishings, digital platforms, music

---

[1] Plaintiff does not list Dicks and Light in the caption of the complaint, but she does include them among the list of defendants in the complaint. (*See* ECF 1, at 4-5.)

release)[.]"[2] (ECF 1, at 2.) Plaintiff states that her claims occurred in New York City at 57 East 54th Street in Brooklyn, New York. In the section of the complaint form asking her to state the facts in support of her claims, Plaintiff writes, "see attached sheets (Documents)." (*Id.* at 5.)

Attached to the complaint are various documents, most of which relate to a piece of real property located at 57 East 54th Street in Brooklyn. For example, Plaintiff attaches a State of New York "Real Property Transfer Report" that appears to transfer ownership of the East 54th Street property from the estate of James W. Eddington to Eddington Link LLC, of which Plaintiff appears to be the sole member (*see id.* at 17-18, 20), as well as documents relating to improvements made to that property (*see id.* at 21-23). Plaintiff also attaches documents from an action in the United States District Court for the Eastern District of New York, in which Plaintiff was sued by Defendant Green Mountain Holdings. (*See id.* at 10, 27-30.) According to records available through the Public Access to Court Electronic Records (PACER) system, in that action, Green Mountain Holdings sued Plaintiff, seeking to foreclose on the property located at 57 East 54th Street in Brooklyn. On March 30, 2022, a default judgment was entered against Plaintiff and in favor of Green Mountain Holdings. *See Green Mountain Holdings (Cayman) Ltd. v. Eddington Link*, LLC, No. 1:21-CV-1719 (EK) (RER) (E.D.N.Y. Mar. 30, 2022).

In the section of the complaint form asking her to state the relief she is seeking, Plaintiff writes, "Deed returned – Eddington Link . . . Registered/null and void (mortgage agreement) regarding construction not completed within terms. Punitive damages. Non-enrichment environment – accumulation (2012-2023)[.] Mute of the agreement, barriers which has expenses in reccurance, opened and unpaid regarding business endeavors." (ECF 1, at 6.)

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, punctuation, and spelling are as in the original unless otherwise indicated.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff provides the same Forest Hills, Queens County, New York, address for Golden Bridge, LLC, Maurice Dicks, and Stephen Felder. She provides a Miami Beach, Florida, address for Green Mountain Holding, and a New York, New York, work address for Danielle P. Light. Queens County falls within the Eastern District of New York, *see* 28 U.S.C. § 112(c), and New York County falls within this District, *see* 28 U.S.C. § 112(b).[3] Because all Defendants are not residents of the State of New York, venue is not proper in this District or the Eastern District of New York under Section 1391(b)(1).

Although Plaintiff's precise allegations are unclear, the complaint and the attached documents strongly suggest that Plaintiff's claims arise from the foreclosure of the property located at 57 East 54th Street in Brooklyn. Plaintiff alleges no facts suggesting that a substantial part of the events giving rise to her claims occurred in his District. Because the complaint

---

[3] Miami Beach, Florida, is located in Miami-Dade County, which falls within the Southern District of Florida. *See* 28 U.S.C. § 89(c).

suggests that a substantial part of the events giving rise to Plaintiff's claims occurred in Brooklyn, New York, and concern property that is located in Brooklyn, New York, the Eastern District of New York is a proper venue under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), whether or not a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The property at issue in the action is located in Brooklyn, New York, and it appears that the underlying events also occurred in Brooklyn. Plaintiff resides in Brooklyn, and it is reasonable to expect that all relevant documents and witnesses would be in Brooklyn. Moreover, several defendants are located in Queens County. Both Brooklyn (Kings County) and Queens County fall within the Eastern District of New York. *See* 28 U.S.C. § 112(c). The Eastern District of New York

therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 1, 2023
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

5